People v Monge (2020 NY Slip Op 51166(U))

[*1]

People v Monge (Angel)

2020 NY Slip Op 51166(U) [69 Misc 3d 131(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570061/20

 The People of the State of New York,
Respondent,
against
Angel Monge, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Steven M. Statsinger, J.), rendered July 16, 2018, after a jury trial, convicting him
of sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Steven M. Statsinger, J.), rendered on July 16, 2018, affirmed.
The verdict convicting defendant of sexual abuse in the third degree (see Penal Law
§ 130.55) was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis to
disturb the jury's determinations concerning credibility in which it credited the testimony of the
victim and the three plain clothes officers who witnessed the underlying subway incident (see People v Ramos, 166 AD3d
442 [2018], lv denied 32 NY3d 1177 [2019]). Any minor inconsistencies in
testimony, as well as the 16-year old victim's reluctance to report the incident to her family prior
to being subpoenaed, an incident she characterized at trial as an "uncomfortable situation" and a
"sensitive topic," were properly considered by the jury (see People v Romero, 7 NY3d 633 [2006]).
Defendant's contention that the court improperly admitted evidence that he had a "slight
erection" after the incident is unpreserved for appellate review (see CPL 470.05[2]), and
we decline to review it in the interest of justice. Were we to review this claim, we would reject it.
The court providently exercised its discretion in receiving the evidence, since it was probative of
defendant's intent to subject the victim to sexual contact for his own gratification (see People v Ortiz, 50 Misc 3d
136[A], 2016 NY Slip Op 50079[U][App Term, 1st Dept 2016], lv denied 27 NY3d
1073 [2016]; see also People v
Goode, 176 AD3d 629, 630 [2019], lv denied 34 NY3d 1159 [2020]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020