People v Colon (2020 NY Slip Op 51209(U))

[*1]

People v Colon (Angel)

2020 NY Slip Op 51209(U) [69 Misc 3d 131(A)]

Decided on October 21, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

15-273

The People of the State of New York,
Respondent, 
against
Angel Colon, Defendant-Appellant.

Defendant appeals from a judgment of Criminal Court of the City of New York, New York
County (Abraham L. Clott, J.), rendered February 17, 2015, after a nonjury trial, convicting him
of attempted forcible touching and sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Abraham L. Clott, J.), rendered February 17, 2015, affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v
Contes, 60 NY2d 620 [1983]), and drawing all reasonable inferences in the People's favor
(see People v Gordon, 23 NY3d
643, 649 [2014]), we find that the evidence was legally sufficient to establish the defendant's
guilt of attempted forcible touching (see Penal Law §§ 110.00, 130.52) and
third-degree sexual abuse (see Penal Law § 130.55). The nontestifying
victim's lack of consent to defendant's conduct was established by police testimony that the
victim looked down and back at defendant with a look of "embarrassment" and "disgust" as he
repeatedly pressed his groin against her buttocks on the crowded subway train, but was unable to
move away from defendant due to the position of his arm (see Penal Law §
130.05[2][c] [lack of consent in sexual abuse or forcible touching prosecution results from "any
circumstances ... in which the victim does not expressly or impliedly acquiesce in the actor's
conduct"]). The "absence of a verbal protest by the victim does not compel a finding that she
impliedly acquiesced in the sexual contact to which she was subjected by defendant" (People v White, 26 Misc 3d
129[A], 2010 NY Slip Op 50022[U] [App Term, 1st Dept 2010]; see People v Nobles, 57 Misc 3d
135[A], 2017 NY Slip Op 51267[U][App Term, 1st Dept 2017]).
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis to
disturb the court's determinations concerning credibility and identification. The credited
testimony of the two plain clothes officers, who observed defendant in close proximity for
approximately 30 minutes as he moved throughout the subway system and apprehended him
about 20 minutes after losing sight of him at the crowded 86th Street station, established that he
was the individual who committed the aforementioned acts.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concor
Decision Date: October 21, 2020